IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEWIS A. HALLER,**<br><br>    **Plaintiff,**<br>v.<br><br>**JAMES HARTLEY, et al.,**<br><br>    **Defendants.** | Case No. 1:12-cv-01599 JLT (PC)<br><br>**INFORMATIONAL ORDER RE MOTION FOR SUMMARY JUDGMENT/MOTION TO DISMISS** |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. §1983. On October 2, 2012, Defendants filed a motion to dismiss and alternative motion for summary judgment. (Doc. 6)

Plaintiff is advised that pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure:

1. Such motions are a request for an order for judgment on some or all of plaintiff's claims in favor of defendants without trial. See Rule 56(b).

2. Defendant(s)' motions set forth the facts which defendants contend are not reasonably subject to dispute and that entitle defendant to judgment as a matter of law. See Rule 56(c).

3. Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, plaintiff must show proof of his or her claims. Plaintiff may agree with the facts set forth

1  in defendant(s)' motion but argue that defendant(s) are not entitled to judgment as a matter of
2  law.

3      4.    Plaintiff may show defendant(s)' facts are disputed in one or more of the following
4  ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint if
5  the complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff
6  calls to the court's attention those parts of the complaint upon which plaintiff relies; (2) Plaintiff
7  may also serve and file affidavits or declarations setting forth the facts which plaintiff believes
8  prove plaintiff's claims (the persons who sign the affidavit or declaration must have personal
9  knowledge of the facts stated); (3) Plaintiff may also rely upon written records but plaintiff must
10 prove that the records are what plaintiff claims they are; (4) Plaintiff may also rely upon all or any
11 part of the transcript of one or more depositions, answers to interrogatories, or admissions
12 obtained in this proceeding. Should plaintiff fail to contradict defendants' motion with affidavits,
13 declarations, or other evidence, defendants' evidence will be taken as truth, and final judgment
14 may be entered without a full trial. See Rule 56(e).

15     5.    If there is some good reason why such facts are not available to plaintiff when
16 required to oppose such a motion, the court will consider a request to postpone considering
17 defendant(s)' motion.  See Rule 56(f).

18     6.    If plaintiff does not serve and file a request to postpone consideration of defendant(s)'
19 motion or written opposition to the motion, the court may consider plaintiff's failure to act as a
20 waiver of opposition to defendant(s)' motion. Plaintiff's waiver of opposition to defendant(s)'
21 motion may result in the entry of summary judgment against plaintiff.

22     7.    A motion supported by affidavits or declarations that are unsigned will be stricken.

23     8.    The failure of any party to comply with this order, the Federal Rules of Civil
24 Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but
25 not limited to, dismissal of the action or entry of default.

26     9.    Plaintiff is advised that any declarations submitted by him must be dated and signed
27 under penalty of perjury.  His own declaration must set forth every fact within his personal
28 knowledge that he relies upon to oppose the motion.  He cannot merely say that facts set forth in

other documents are true; the facts must be set forth in the declaration itself.  Also, all declarations must set forth *how* they declaring witness knows what he says he know whether the witness saw something happen, heard it, or felt it, for example.  The failure of declarants to comply with this guidance will result in the Court refusing to consider their declarations.

**ORDER**

In light of Defendants' failure to provide Plaintiff notice of this motion and of his right to oppose it, the Court **ORDERS**:

1. Plaintiff is granted until December 28, 2012 to file opposition to the motion, if he chooses.

IT IS SO ORDERED.

Dated:   **December 3, 2012**                    /s/ Jennifer L. Thurston
                                                 UNITED STATES MAGISTRATE JUDGE