UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEWIS A. HALLER,**<br><br>  Plaintiff,<br><br>v.<br><br>**JAMES HARTLEY, et al.,**<br><br>  Defendants. | Case No. 1:12-cv-01599 JLT (PC)<br><br>ORDER GRANTING DEFENDANT J. CLARK KELSO'S MOTION TO DISMISS<br>(Doc. 6).<br><br>ORDER REMANDING THE MATTER TO THE KINGS COUNTY SUPERIOR COURT |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. §1983. On October 2, 2012, Defendant J. Clark Kelso filed a motion to dismiss. (Doc. 6). In this motion, Defendant contends that he is entitled to the protections of judicial immunity as the court-appointed receiver for the CDCR medical system. Plaintiff filed his Opposition to Defendant's Motion to Dismiss on December 26, 2012, though he does not object to the dismissal of Defendant Kelso. (Doc. 10). Defendant also filed a Reply. (Doc. 14). Both parties have consented to the jurisdiction of the Magistrate Judge for all purposes. (Docs. 7, 11)

For the reasons set forth below, the Court **GRANTS** the motion to dismiss. Moreover, because the remaining causes of action do not implicate federal court jurisdiction, the Court **ORDERS** the matter remanded to the Kings County Superior Court.

///

///

1

I.     **LEGAL STANDARDS**

A. Federal Rules Of Civil Procedure Rule 12(B)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. See Fed. R. Civ. P. 12(b)(6); *see also* Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *See* Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the Court will assume the truth of all factual allegations and will construe them in the light most favorable to the nonmoving party. *See* Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). However, the court is not bound to accept as true a legal conclusion couched as a factual allegation. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, the conclusions contained in the pleading "are not entitled to the assumption of truth." (Id.)

B. 42 U.S.C. § 1983

To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 28 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See* Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

///

///

## II.  DISCUSSION

Defendant Kelso, sued in his official capacity as Receiver for the California prison medical health care system, filed a motion to dismiss/motion for summary judgment on the grounds that (1) the complaint fails to state a claim against him; and (2) as the Receiver, he is entitled to absolute quasi-judicial immunity. Plaintiff's Opposition cites to cases and UCC code sections and repeats the allegations in his complaint.  (Doc. 10).  For the reasons set forth below, the undersigned finds that Plaintiff's complaint is subject to dismissal.

First, Plaintiff names Kelso as a defendant in this matter but fails to set forth any specific factual allegations related to him. Thus, it appears that Plaintiff seeks to hold Kelso liable in his supervisory capacity only.[1] However, there is no respondeat superior liability under 42 U.S.C. § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1437–38 (9th Cir.1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (citing Rizzo v. Goode, 423 U.S. 362, 370–71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual defendant which have a direct causal connection to the constitutional violation at issue. *See* Sanders v. Kennedy, 794 F.2d 478, 483 (9th Cir.1986); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). As currently pleaded, however, Plaintiff's complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against defendant Kelso.

The same is true for the state causes of action Plaintiff alleges against Kelso for malpractice, intentional tort, and general negligence.  Plaintiff concludes that Kelso's acted negligently and was the

---

[1] However, as the court-appointed receiver, he is not a supervisor of the prison employees, including the medical staff.

1  "legal (proximate) cause" of damages to Plaintiff, but does not state any facts to support such
2  conclusions.  Thus, Plaintiff fails to set forth facts that would support any state claim against Kelso.
3  Moreover, clearly, Kelso did not treat Plaintiff so how he could be liable for malpractice or an
4  intentional tort is decidedly unclear.  Likewise, there is no factual allegation that Kelso owes any legal
5  duty to Plaintiff and, therefore, it is unclear how he could be held liable for negligence.  Second,
6  although Plaintiff titles his pleading as an Opposition, he states in that document that he is willing to
7  dismiss Kelso as a defendant.  (Doc. 10 at 2).

8  At this juncture, then, the Court must determine whether leave to amend should be granted so
9  as to allow Plaintiff an opportunity to cure the aforementioned deficiencies. Upon consideration of
10 defendant's final argument for dismissal, however, the Court finds that Defendant's motion to dismiss
11 should be granted as a matter of law and without leave to amend.

12 In his final argument, Kelso asserts that he is entitled to immunity due to his role as Receiver.
13 Quasi-judicial immunity stems from the long-recognized common law doctrine of judicial immunity.
14 Curry v. Castillo, 297 F.3d 940, 947 (9th Cir.2002). Partly to promote the use of the appellate process,
15 acts performed by judges that relate to the judicial process are immune from attack. Id. Quasi-judicial
16 immunity is immunity that extends to nonjudicial officers for "claims relating to the exercise of
17 judicial functions." Id. (quoting Burns v. Reed, 500 U.S. 478, 499 (1991)). In other words, quasi-
18 judicial immunity protects nonjudicial officers because their decisions are "functionally comparable"
19 to those of a judge involving the exercise of discretion. Antoine v. Byers & Anderson, 508 U.S. 429,
20 436 (1993).

21 As noted earlier, Kelso is the Receiver for CDCR's health care system. See Plata v.
22 Schwarzenegger, et al., C01–1351–TEH (N.D.Cal. Jan. 23, 2008).[2]  Upon his appointment in 2008,
23 "[t]he Receiver and his staff [were granted] the status of officers and agents of [the Plata Court], and
24 as such [were] vested with the same immunities as vest with [the Plata ] Court." Id; (Doc. 6-2 at 9,
25 23). Those judicial immunities extend to immunity from suit. See Pierson v. Ray, 286 U.S. 547, 553–
26 54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges

---

28 [2] The court takes judicial notice of the attachments to defendant's motion as they are matters of public record.
See Lee v. City of Los Angeles (9th Cir. 2001) 250 F.3d 668, 689.

from liability for damages for acts committed within their judicial jurisdiction ...."). *See also* Coleman v.. Schwarzenegger, 2007 WL 4276554 (E.D.Cal. Nov. 29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the Court as the Court's officer" had judicial immunity). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). There are two primary exceptions to the absolute judicial immunity: first, where the judge's action is "not taken in the judge's judicial capacity"; and second, where the judge's action, "though judicial in nature, is taken in the complete absence of all jurisdiction." *See id.* at 11–12.

Here, Plaintiff brings suit against Kelso, as "Receiver CA Prison Health Care Services," for failure to ensure that Plaintiff received or was not deprived of, a humidifier. Plaintiff, thus, asserts that Kelso failed to act in his role as Receiver. There is no allegation that Kelso acted "in the complete absence of all jurisdiction." Based thereon, the Court finds that Kelso is entitled to quasi-judicial immunity and suit may not be maintained against him.[3] Kelso's October 2, 2012 motion to dismiss is granted as a matter of law.

### III.  REMAND OF THIS MATTER IS WITHIN THE COURT'S DISCRETION

The propriety of removal jurisdiction is determined at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939). If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction though the federal claim has been dropped from the case and only state law claims remain. Carnegie-Melon Univ. v. Cohill, 484 U.S. 343 (1988); Nishomoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 715 (9th Cir. 1990). Here, because the inclusion of the receiver as a defendant, the Court has jurisdiction over the matter. Nevertheless, if the bases for federal court jurisdiction are eliminated from an action, federal courts have discretion to remand the remaining state law claims. Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("It is

---

[3] To the extent Plaintiff argues that he should be granted leave to amend his complaint so as to allege that Kelso was aware of plaintiff's medical needs and failed to act upon that knowledge, the Court finds that those allegations would similarly entitle Kelso to absolute quasi-judicial immunity because plaintiff would again be alleging that Kelso failed to act within his official capacity as Receiver of the health care system.

generally within a district court's discretion to retain jurisdiction to adjudicate the pendent state claims or remand them to state court.").

In choosing whether to retain jurisdiction, the Court must consider "the values of judicial economy, convenience, fairness, and comity." Carnegie-Melon, 484 U.S. at 350.  Based upon these factors, "it is generally preferable for a district court to remand remaining pendent claims to state court." Harrell, 934 F.2d at 205; see also Carnegie-Melon, 484 U.S. at 350 n.7 ("these factors usually will favor a decision to relinquish jurisdiction when state issues substantially predominate") (internal quotation marks and citation omitted).

In this case, the above factors weigh in favor of remand.  The remaining claims sound only in state law and, given the ongoing crisis in this Court created by the crushing case load and lack of judicial resources, the Court finds that judicial economy weighs in favor of remand. "With regard to comity, the path that best preserves the rights of the state to preside over the court matters is to remand the case." Loder v. World Sav. Bank, N.A., 2011 U.S. Dist. LEXIS 98770, at *11 (N.D. Cal. Sept. 1, 2011).  On the other hand, there is no evidence, that this Court is a more convenient forum than the state court.  Notably, the Ninth Circuit has acknowledged that remand is proper when, as here, the original basis for federal jurisdiction is lost.  See Baddie v. Berkeley Farms, Inc., 65 F.3d 487, 490-91 (9th Cir. 1995).

**ORDER**

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant Kelso's October 2, 2012 motion to dismiss is **GRANTED** and this action is **DISMISSED WITH PREJUDICE** as to J. Clark Kelso only;
2. The matter is **REMANDED** to the Kings County Superior Court.

IT IS SO ORDERED.

Dated: **January 24, 2013**        /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE